UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No.: 17-10113 |
| | ) |
| v. | ) VIOLATIONS: |
| | ) |
| PEDRO MEJIA SALAZAR, | ) 18 U.S.C. §1956(h) – Conspiracy To Launder |
| | ) Money |
| Defendant. | ) |
| | ) 18 U.S.C. §982(a)(1)– Money Laundering |
| | ) Forfeiture Allegation |

**INFORMATION**

**COUNT ONE**:   (18 U.S.C. § 1956(h) – Conspiracy To Launder Money)

The United States Attorney charges that:

From a date unknown but from at least in or about 2009, until in or about June 2012, in New York, New York; Mexico City, Mexico; Kingston, Jamaica; Colombia, South America; Venezuela, South America, and Boston and elsewhere in the District of Massachusetts,

**PEDRO MEJIA SALAZAR,**

defendant herein, did knowingly and intentionally combine, conspire, confederate, and agree with other persons, known and unknown to the United States Attorney to:

(a) conduct and attempt to conduct one or more financial transactions affecting interstate and foreign commerce, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and which, in fact, involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source,

ownership and control of the proceeds of such specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

(b) conduct and attempt to conduct one or more financial transactions affecting interstate and foreign commerce, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and which, in fact, involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii);

(c) transport, transmit, and transfer, and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to or through a place outside the United States and to a place in the United States from or through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of such specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i);

(d) transport, transmit, and transfer, and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to or through a place outside the United States and to a place in the United States from or through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such

transportation, transmission, and transfer was designed in whole and in part to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(ii); and

(e) engage and attempt to engage in one or more monetary transactions by, through, and to a financial institution affecting interstate and foreign commerce, in criminally derived property that was of a value greater than $10,000 and was derived from specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, knowing that the property was derived from some form of unlawful activity, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION

## (18 U.S.C. §982(a)(1))

The United States Attorney further charges that:

1. Upon conviction of the offense alleged in Count One of this Indictment, the defendant,

**PEDRO MEJIA SALAZAR,**

shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in such offense, and all property traceable to such property.

2. If any of the property described in Paragraph 1 above as a result of any act or omission of the defendant –

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred to, sold to, or deposited with a third party;

   c. has been placed beyond the jurisdiction of this Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in subparagraphs (a) through (e) of this paragraph.

All pursuant to Title 18, United States Code, Section 982.

Respectfully submitted,

WILLIAM D. WEINREB
Acting United States Attorney

By: /s/ Leah B. Foley
Leah B. Foley
Assistant U.S. Attorney

Dated: May 3, 2017