IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CRIMINAL NO. 17-CR-10113-ADB |
| ) | |
| PEDRO MEJIA SALAZAR     ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

**Introduction**

On May 4, 2017, the defendant, Pedro Mejia Salazar (hereinafter, "Mejia") pled guilty to a one-count information charging him with conspiracy to launder money, in violation of 18 U.S.C. §1956(h).  Neither party disputes the findings in the Pre-Sentence Investigation Report ("PSR") that the defendant laundered over $700,000 in drug proceeds through the black-market peso exchange or that the guideline sentencing range is accurately computed to be 87 months to 108 months.  The parties entered into a binding plea agreement that requires the Court to impose a sentence between 50 months and 60 months.  For the reasons that follow, the government respectfully recommends that the Court accept the plea agreement and impose a sentence of 50 months followed by a term of supervised release of three years.

**Defendant's role in the offense**

As detailed in the PSR, for several years the defendant played an integral role in the violent and lucrative international drug trafficking business by laundering drug money for the Medellín-based drug cartel La Oficina de Envigado ("La Oficina").  The international drug trade would be

stalled if cartels such as La Oficina did not have the ability to repatriate their drug proceeds back to the source countries. This is precisely the reason why the Drug Enforcement Administration targets defendants such as Mejia. Without doubt, Mejia assumed risks when he accepted the cartel's contracts to launder their money. Equally without doubt is the fact that La Oficina paid the defendant substantially for successfully laundering over $700,000 in its drug proceeds. This level of ongoing involvement in such a serious crime warrants a harsh punishment.

### 3553 Factors

The services the defendant provided to the cartel were as critical to its success as the mules who transported the drugs into the United States. However, whether by choice or lack of opportunity, there is no evidence that the defendant ever became involved in manufacturing, selling or transporting drugs. Nor was he ever involved in the collection of drug debts, which in Colombia all too often involves threats and violence. There is no evidence that the defendant lived a lavish lifestyle. On the contrary, he maintained a close relationship with his family and admitted his wrongdoing immediately when confronted by investigators. Importantly, the defendant also waived extradition and voluntarily came to the United States to plead guilty. Additionally, the defendant is now 74 years old and in poor health, and all of the wealth he accumulated through his criminal activity was either taken by the cartels for which he worked or has been depleted as a result of his being placed on the Treasury Department's Office of Foreign Assets Control ("OFAC") list.

### Sentence

The government recommends the Court impose a sentence of 50 months' imprisonment followed by three years of supervised release. While this is a significant departure from the GSR,

it is a sentence that will result in the defendant spending most or all of the rest of his life in jail.

Based on the sentencing factors set forth in 18 U.S.C. §3553(a), the government respectfully submits that a 50-month sentence is appropriate in this case.

Respectfully submitted,

WILLIAM D. WEINREB
Acting United States Attorney

By: */s/ Leah B. Foley*
LEAH B. FOLEY
NATHANIEL R. MENDELL
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

September 1, 2017

*/s/ Leah B. Foley*
LEAH B. FOLEY
Assistant U.S. Attorney